IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ORLANDA DEL CARMEN PEÑA ARITA, § Individually, as Next Friend of D.M.A. and § C.M.A., and Representative of the Estate of § MARCO ANTONIO MUÑOZ, § Plaintiffs, § § v. § § UNITED STATES OF AMERICA, et al., § Defendants. § | | CIVIL ACTION NO. 7:19-cv-288 |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
THIRD AMENDED COMPLAINT**

Plaintiff ORLANDA DEL CARMEN PEÑA ARITA on her own behalf, as Next Friend of her children D.M.A. and C.M.A., and on behalf of her deceased husband, Marco Antonio Muñoz, respectfully moves this Court for leave to file a THIRD AMENDED COMPLAINT pursuant to Rule 15 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself, her minor sons, and her deceased husband's estate for violation of his civil rights. Plaintiff filed this suit against the United States and individual Customs and Border Protection Agents, as well as the County of Starr, Texas, and individual employees of Starr County, Texas.

### A.    BACKGROUND

1.      Plaintiff filed her original complaint in this action on August 18, 2019. Dkt. No. 1. Less than three weeks later, on September 4, 2019, Plaintiff filed her First Amended Complaint, naming additional parties as defendants, as a matter of course as permitted by Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. Dkt. No. 16. Less than one month later, on October 2, 2019,

*Orlanda del Carmen Peña Arita v. USA & County of Starr, Texas, et. al.* – Motion for Leave to File Third Amended Complaint

1

Plaintiff requested leave to file a Second Amended Complaint in order to correct minor errors that could have required Defendants to undertake unnecessary efforts. Dkt. No. 59. This Court granted that motion on October 10, 2019. Dkt. No. 60.

2.  Plaintiff now seeks leave of court to amend her Second Amended Complaint. *See* Third Amended Complaint (attached to this Motion as Exhibit "A"). The amendments remove claims against Starr County jailers in their official capacity only, and add factual allegations detailing the actions and omissions of the individual defendants in this lawsuit. These facts are derived from a Report of Investigation by the Texas Rangers into the death of Mr. Muñoz and a Starr County Sheriff's Master Incident Report about the death of Mr. Muñoz.

### B. ARGUMENT

3.  Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

4.  In instructing trial courts to "freely" grant leave to amend, the language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quotation marks omitted). Therefore, "[a] district court must possess a 'substantial reason' to deny a request for leave to amend." *Id.* (quoting *Lyn-Lea Travel Corp. v. Am.* Airlines, 283 F.3d 282, 286 (5th Cir. 2002)).

5.  The Fifth Circuit has outlined five considerations a court should use to determine "whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3)

*Orlanda del Carmen Peña Arita v. USA & County of Starr, Texas, et. al.* – Motion for Leave to File Third Amended Complaint

2

repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Id*.

6. Plaintiff's request to amend is not the result of "undue delay." *Id.* "[D]elay alone is an insufficient basis for denial of leave to amend: The delay must be *undue*, *i.e.*, it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). Plaintiff is seeking leave to amend five months after filing her Second Amended Complaint, before any discovery has occurred, and before this court has ruled on any of Defendants' motions to dismiss. *Auster Oil & Gas, Inc.*, 764 F.2d 381, 391 (5th Cir. 1985) (overturning a district court's denial of a motion to amend filed "just six months after" the prior complaint). As Mr. Muñoz tragically died in the custody of Defendants, he cannot say what occurred while in their custody. Before discovery, Plaintiff has diligently sought to uncover further facts surrounding Defendants' actions that led to Mr. Muñoz's death and, when appropriate, amend the complaint to include critical facts found in those efforts.

7. Second, Plaintiff's request for leave is not driven by "bad faith or dilatory motive." *Smith*, 393 F.3d at 596. Plaintiff's Third Amendment Complaint contains no new claims—it merely contains additional facts specifying the acts and omissions of Defendants that were contained in documents that the Plaintiff received through the Report of the Investigation by the Texas Rangers and the Starr County Sheriff's Master Incident Report. Plaintiff gains nothing from delay in itself; quite the contrary—any such delay merely postpones the date on which she may obtain relief for the tragic death of her husband.

*Orlanda del Carmen Peña Arita v. USA & County of Starr, Texas, et. al.* – Motion for Leave to File Third Amended Complaint

3

8. Third, Plaintiff has not exhibited "repeated failure to cure deficiencies by previous amendments." *Smith*, 393 F.3d at 596. As discussed above, Plaintiff seeks to amend based on facts discovered through on-going efforts to investigate the death of Mr. Muñoz in Defendants' custody.

9. Fourth, granting leave to amend will not cause "undue prejudice to the opposing part[ies]." *Smith*, 393 F.3d at 596. Undue prejudice results if amendment "would require the defendant to reopen discovery and prepare a defense" for a new claim. *Id*. (internal quotation marks omitted). Admittedly, if leave to amend is granted, Defendants may have to file new Motions to Dismiss (MTD). But, given that Defendants' legal arguments would be identical to those within the Motions already filed, any inconvenience on Defendants would be minor. Such minor inconvenience certainly does not arise to the high standard of "undue prejudice." *Smith*, 393 F.3d at 596; s*ee Auster Oil & Gas*, 764 F.2d at 391 ("That [Plaintiff] endeavored chiefly to correct any flaws in its original statement of its claims and did not seek to allege new causes of action also cuts in favor of holding that justice requires allowing the amendment.").

10. Turning to the last consideration an amendment is considered futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). To determine futility, a court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)," that is, "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Id.* (internal quotation marks omitted). Here, for the reasons outlined in Plaintiff's responses to the Defendants' motions to dismiss, *see* Dkt. Nos. 116, 133, 134, Plaintiff has stated valid claims for relief stemming from Mr. Muñoz's death caused by the actions and inactions of Defendants.

*Orlanda del Carmen Peña Arita v. USA & County of Starr, Texas, et. al.* – Motion for Leave to File Third Amended Complaint

4

11.     In sum, all five *Smith* factors favor granting Plaintiff leave to amend her Second Amended Complaint. Granting leave will not prejudice the opposing parties or this Court. It will merely allow Plaintiff to add specificity to her claims against the individual Defendants, based on information uncovered in the Texas Ranger's investigation into Mr. Muñoz's death.

### B.    CONCLUSION AND PRAYER

7.      Plaintiff respectfully requests that this Court allow her to file her Third Amended Complaint, attached to this Motion.

**Submitted this 19th day of March, 2020.**

        Respectfully Submitted,

        Texas Civil Rights Project

        */s/Erin D. Thorn*

        Efrén C. Olivares
        Attorney-in-Charge for Plaintiff
        State Bar No. 24065844
        SDTX Bar No. 1015826
        efren@texascivilrightsproject.org
        Erin Thorn Vela
        State Bar No. 24093261
        SDTX Bar No. 2744303
        erin@texascivilrightsproject.org
        Zachary Dolling
        State Bar No. 24105809
        SDTX Bar No. 3290949
        zachary@texascivilrightsproject.org
        Ricardo Garza
        State Bar No. 24109912
        SDTX Bar No. 3336127
        ricky@texascivilrightsproject.org

*Orlanda del Carmen Peña Arita v. USA & County of Starr, Texas, et. al.* – Motion for Leave to File Third Amended Complaint

5

1017 W. Hackberry Ave.
Alamo, Texas 78516
Tel: (956) 787-8171 ext. 125

John Escamilla*
State Bar no. 00793699
Escamilla Law Firm PLLC
john@escamillalawfirm.com
1021 Martin Ave.
McAllen, Texas 78504
Tel: (956) 618-4999
Fax: (888) 635-4715
*Pro hac vice*

THE VARGAS LAW OFFICE
Daniel E. Vargas
State Bar No. 24072403
Federal ID No. 1286250
220 South 12th. Ave., Suite A
Edinburg, Texas 78539
Ph: (956) 287-3743
Fx: (956) 287-3992
Em: thevargaslawoffice@gmail.com
Attorneys for Plaintiff
Orlanda del Carmen Peña Arita

*Orlanda del Carmen Peña Arita v. USA & County of Starr, Texas, et. al.* – Motion for Leave to File Third Amended Complaint

6

## CERTIFICATE OF SERVICE

I, Erin D. Thorn, hereby certify that a copy of the foregoing Motion for Leave to File Second Amended Complaint will be timely served on all Defendants in accordance with the Federal Rules of Civil Procedure.

                                                 */s/Erin D. Thorn*
                                                 Erin D. Thorn

## CERTIFICATE OF CONFERENCE

As of the date of this Motion for Leave to File a Third Amended Complaint, counsel for Plaintiff has conferenced with counsel for each defendant who has appeared in this action. Counsel for each defendant has advised that they are opposed to the filing of this motion.

                                                 */s/Erin D. Thorn*
                                                 Erin D. Thorn

*Orlanda del Carmen Peña Arita v. USA & County of Starr, Texas, et. al.* – Motion for Leave to File Third Amended Complaint

7